State v. Chambers

Affirmed.

Judges JOHNSON and PARKER concur.

---

STATE OF NORTH CAROLINA v. ROBERT LEE CHAMBERS

No. 888SC76

(Filed 6 December 1988)

1. **Kidnapping § 1.2— separate restraint—release of victim in safe place—sufficiency of evidence**

There was no merit to defendant's contentions in a first degree kidnapping case that: (1) the evidence did not establish a restraint separate and apart from the restraint used in committing the other felony when the kidnapping was based upon a confinement or removal to facilitate the commission of a felony under N.C.G.S. § 14-39(a)(2), since the evidence tended to show that defendant restrained the victim for the kidnapping by firing a gun into the air and threatening to kill her and her brother if they did not stop walking away from the car, and defendant restrained the victim to accomplish the sex offense by jerking her out of the car and, with the help of another, forcing her onto the hood of the car; (2) the degree of the kidnapping conviction should be reduced because the victim was released in a "safe place," since the evidence indicated that she was not released at all, but escaped; and (3) the attempted rape was not proven because the evidence did not show that she resisted while on the hood of the car, since physical resistance was not necessarily required because defendant had a gun and had threatened to use it.

2. **Criminal Law § 75.2— statement by defendant—false confession not procured by officer**

In a prosecution of defendant for first degree kidnapping and attempted second degree rape, the circumstances did not indicate either that an officer procured a false confession or that that was his purpose where the officer discussed with defendant the possibility of the victim's "ass prints" being on the hood of the car, and the officer was properly allowed to testify regarding defendant's statements to him.

3. **Criminal Law § 85.1— witness's opinion that defendant trustworthy—exclusion of evidence not error**

There was no merit to defendant's contention that he was prejudiced because the court erroneously refused to permit a witness to testify that she had always found defendant to be trustworthy, since the witness had made the same point earlier and probably with greater effect by testifying that she had trusted defendant with the care of her children, allowed him to use her car, and "trusted Robert with everything."

**4. Kidnapping § 1.2; Rape and Allied Offenses § 5— first degree rape—sexual assault not basis for first degree kidnapping charge—conviction for two offenses proper**

There was no merit to defendant's contention that he could not be convicted of both first degree kidnapping and a sexual assault that raised the kidnapping to first degree, since the verdict explicitly showed that what raised the kidnapping charge to first degree was not the sexual assault but was defendant's failure to release the victim in a safe place.

APPEAL by defendant from *Llewellyn, Judge*. Judgments entered 9 October 1987 in Superior Court, LENOIR County. Heard in the Court of Appeals 6 September 1988.

Defendant was convicted of first degree kidnapping in violation of G.S. 14-39 and attempted second degree rape in violation of G.S. 14-27. The State's evidence in pertinent part was that: On the afternoon involved defendant, Ricky Sutton, Semantha Lynn Harmon, her brother Gonzales Harmon, and his friend Milton Rouse went from Kinston to LaGrange in an automobile driven by defendant. After some irrelevant diversions that need not be described Sutton drove the car down a dirt path into a cornfield where he and defendant suggested making love to Semantha, but she rebuffed them and defendant pulled out a handgun. Semantha and her brother got out of the car and began to walk away; defendant fired the gun in the air and told them to stop or he would kill both of them. When they stopped and started back to the car, defendant grabbed her by the neck, and she got back in the car. Defendant then pulled her out of the car, he and Sutton forced her onto the hood of the car and took her pants and panties off, and defendant tried to penetrate her vagina with his penis. Meanwhile, Gonzales Harmon was arguing with Ricky Sutton about their treatment of his sister and Milton Rouse ran from the scene. As defendant continued trying to penetrate the victim, Gonzales Harmon stabbed at defendant with a knife and grabbed his gun; Sutton then advanced toward him and Gonzales shot and killed him. Both Harmons and defendant then ran from the scene.

*Attorney General Thornburg, by Associate Attorney General David M. Parker, for the State.*

*William D. Spence for defendant appellant.*

PHILLIPS, Judge.

[1]  Defendant's first of several contentions, none of which have merit, is that neither conviction is supported by evidence; and in support thereof he makes three arguments. His first argument is that the evidence did not establish, as *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E. 2d 338, 351 (1978) requires, a restraint separate and apart from the restraint used in committing the other felony when the kidnapping is based upon a confinement or removal to facilitate the commission of a felony under G.S. 14-39(a)(2). But viewing the evidence in its most favorable light for the State it tends to show that defendant restrained Semantha Harmon for the kidnapping by firing a gun in the air and threatening to kill her and her brother if they did not stop walking away from the car; and restrained her to accomplish the sex offense by jerking her out of the car and with Sutton's help forcing her onto the hood of the car. His second argument is that the degree of the kidnapping conviction should be reduced because the victim was released in a "safe place"; but the evidence indicates she was not released at all, but escaped. *State v. Pratt*, 306 N.C. 673, 682, 295 S.E. 2d 462, 468 (1982). His third argument is that the attempted rape was not proven because the evidence does not show that she resisted while on the hood of the car; but physical resistance was not necessarily required since he had a gun and had threatened to use it. *State v. Stanley*, 74 N.C. App. 178, 327 S.E. 2d 902, *disc. rev. denied*, 314 N.C. 546, 335 S.E. 2d 318 (1985).

[2]  Defendant next contends that Detective Gosnell was errone-ously permitted to testify to a statement of his that was obtained by fraud or trickery. The statement was that Semantha's "ass" prints might be on the hood of the car and with respect thereto Detective Gosnell testified in the *voir dire* hearing as follows:

> [H]e made the statement that him and Semantha were sitting on the hood of the car. I asked him if they were clothed. He said yes. At that point I asked him, I said, "Robert, if you were clothed, then when I process the car for fingerprints, there is no reason I would find the girl's ass print on the car, is there?" He said "Maybe," and I asked him what was he talking about and he said she got off the hood to use the bathroom. I said "Wouldn't her clothes have been back on her when she got back on the hood?" He said, "Well, they were

down to her knees." I asked if there was any way I would find his ass prints on the hood of the car. He said maybe because of the way he was sitting and indicated from the top part of his tail up from his hip. . . .

>   At that point he told me that him and the girl were messing around on the hood of the car; that she was letting him.

Gosnell further testified that although he had never had it done he believed that "ass prints" could be processed and the only reason he did not try to process them in this instance was defendant's statement. Deceptive methods by police officers by themselves do not render a confession of guilt inadmissible. The admissibility of a confession depends upon several factors, one of which is "whether the means employed were calculated to procure an untrue confession." *State v. Jackson*, 308 N.C. 549, 574, 304 S.E. 2d 134, 148 (1983). The circumstances here do not indicate either that the officer procured a false confession or that that was his purpose.

[3]  Next defendant contends that he was prejudiced because the court erroneously refused to permit Barbara Kinsey to testify that she had always found defendant to be trustworthy. Assuming *arguendo* that the testimony was admissible under the provisions of Rule 404(a)(1), N.C. Rules of Evidence, *State v. Squire*, 321 N.C. 541, 547, 364 S.E. 2d 354, 358 (1988), defendant could not have been prejudiced thereby in our opinion; because the witness had made the same point earlier, *State v. Walden*, 311 N.C. 667, 319 S.E. 2d 577 (1984), and probably with greater effect, by testifying that she had trusted him with the care of her children, allowed him to use her car, and "trusted Robert with everything."

[4]  Finally, defendant argues that his convictions for both offenses are forbidden by the holding in *State v. Freeland*, 316 N.C. 13, 23, 340 S.E. 2d 35, 40 (1986) that a defendant cannot be "convicted of both first degree kidnapping and a sexual assault that raised the kidnapping to first degree." But a sexual assault is not the only occurrence that can raise a kidnapping to first degree; G.S. 14-39(b) provides that a kidnapping can also be raised to that degree if the victim "was not released by the defendant in a safe place," and here the verdict explicitly shows that what raised the

kidnapping charge to first degree was not the sexual assault, but that defendant did not release the victim in a safe place.

No error.

Judges EAGLES and PARKER concur.